# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

Kishna Brooks,

          Plaintiff

v.

Cassandra D. Whitaker et al,

          Defendant.

Case Number: ST-2019-CV-00210

Action: **Damages**

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion & Order</u>

**To:** Lee J. Rohn, Esquire
Superior Court Judges & Magistrates

Royette V. Russell, Esquire
Clerk of the Court, Tamara Charles
General Counsel

Please take notice that on March 10, 2022
**a(n)**         Memorandum Opinion & Order
      dated     March 9, 2022     was entered
by the Clerk in the above-titled matter.

Dated:   March 10, 2022

By:

**Tamara Charles**
**Clerk of the Court**

**Audrey C. Brin**
**Court Clerk II**

| | | |
|---|---|---|
| KISHNA BROOKS on her own and as next friend of KG, | ) ) ) | CASE NO. ST-19-CV-210 |
| Plaintiff, | ) ) | |
| | ) | ACTION FOR DAMAGES |
| v. | ) ) | |
| | ) | |
| DR. CASSANDRA WHITAKER, DR. RONALD NIMMO, MID-WIFE ANNE MARIE STUART, NURSE BENNET, MID-WIVES XYZ, NURSE XYZ, and VIRGINS ISLANDS GOVERNMENT HOSPITALS and HEALTH FACILITIES CORPORATION as Representative of the ROY LESTER SCHNEIDER HOSPITAL, | ) ) ) ) ) ) ) ) ) ) | Cite as 2022 VI Super 27U |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates, LLC
1108 King Street
56 King Street, Third Floor
St. Croix, V.I. 00820
*Attorney for Plaintiff*

**ROYETTE V. RUSSELL, ESQ.**
Assistant Attorney General
V.I. Department of Justice
213 Estate LaReine
Kingshill, V.I. 00850
*Attorney for the Defendant*

**CARTY, RENÉE GUMBS**, Judge

## MEMORANDUM OPINION

¶1 **BEFORE THIS COURT** is Plaintiff's, Kishna Brooks ("Brooks"), "Motion to Compel Anne Marie Stuart to Supplement Written Discovery Reponses," filed on October 23, 2020. Defendant, Anne Marie Stuart ("Stuart"), filed her opposition on October 27, 2020, and Plaintiff filed her reply on October 30, 2020. Brooks also moved to compel supplemental responses from Virgin Islands Government Hospitals and Health Facilities Corporation ("VIGHHFC"), and Dr. Ronald Nimmo

("Dr. Nimmo"), on December 2, 2020, and March 3, 2021, respectively. To date, VIGHHFC has not filed a response.[1]

## I.  STANDARD OF REVIEW

### a.  Discoverable Information

¶2      Virgin Islands Rules of Civil Procedure Rule 26 and Rule 33 govern the scope of a party's duty to disclose information during discovery and answer interrogatories. *Cruz v. V.I. Water & Power Auth.*, No. ST-15-CV-491, 2020 V.I. LEXIS 45, at *1 (Super. Ct. Jan. 14, 2020) (citing *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 V.I. LEXIS 86, *2, (V.I. Super. Ct. June 2, 2017). Under V.I. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Cruz*, 2020 V.I. LEXIS 45, at *1; *Donastorg v. Walker*, No. ST-17-CV-393, 2019 V.I. LEXIS 66, *5 (V.I. Super. Ct. July 11, 2019). "[T]he singular factor for determining whether information is discoverable is its relevance." *Cruz*, 2020 V.I. LEXIS 45, at *1 (quoting *Finn v. Adams*, No. ST-16-CV-752, 2017 V.I. LEXIS 162 at *6, [WL] at *3 (V.I. Super. Ct. Nov. 28, 2017)).

¶3      Under the standard provided by Rule 401 of the Virgin Islands Rules of Evidence, the court determines what information is relevant. *See Donastorg*, 2019 V.I. LEXIS 66 at *5-6. Relevant information is that which has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without [it]." *Donastorg*, 2019 V.I. LEXIS 66 at *6; *see also Thomas v. People of the V.I.*, 60 V.I. 183, 196 (V.I. 2013).

---

[1] An Order granting Plaintiff Brooks' motion regarding VIGHHFC has been issued under separate cover. As it pertains to Defendant Dr. Nimmo, the Court record reflects that Dr. Nimmo filed a "Notice of Service of Defendant Dr. Nimmo. M.D.'s Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents" on March 19, 2021, advising that supplemental responses were served in response to Brooks' motion to compel.

Determining relevancy is a low threshold that is easy to satisfy. *Donastorg*, 2019 V.I. LEXIS 66, at *6; *see also Ostalaza v. People of the V.I.*, 58 V.I. 531, 564 (V.I. 2013).

### b. Interrogatories

¶4    Under V.I. R. Civ. P. 33(a)(1)-(2), "a party may serve on any other party no more than 25 written interrogatories," which "may relate to any matter that may be inquired into under Rule 26(b)." A party served with interrogatories must provide an answer or objection to each interrogatory within thirty (30) days after being served, V.I. R. Civ. P. 33(b)(1)-(4), unless that party "represents in good faith in its response that it cannot—in the exercise of reasonable efforts—prepare an answer from information in its possession or reasonably available to the party." V.I. R. Civ. P. 33(d). "The grounds for objecting to an interrogatory must be stated with specificity." V.I. R. Civ. P. 33(b)(4). An objection that is untimely or without grounds "is waived, unless the court, for good cause, excuses this failure." *In re Adoption of V.I. Rules of Civil Procedure*, No. 2017-001, 2017 V.I. Supreme LEXIS 22 at *183, 2017 WL1293844, at *50 (V.I. Apr. 3, 2017) (quoting V.I. R. Civ. P. 33(b)(4)). All interrogatories without an objection "must be answered separately and fully in writing under oath." V.I. R. Civ. P. 33(b)(3).

¶5    A party may move to compel discovery under V.I. R. Civ. P. 37(a)(1) if the party served fails to make all necessary disclosures as required by V.I. R. Civ. P. 33. Virgin Islands Rules of Civil Procedure Rule 37-1(a) requires parties to "confer in a good faith effort to eliminate the necessity for the motion—or to eliminate as many of the disputes as possible." V.I. R. Civ. P. 37-1(a). Demonstrating good faith, the movant must include a certification that they have conferred, or attempted to confer, with the opposing party failing to disclose material in an effort to obtain said information without court action. V.I. R. Civ. P. 37(a)(1). Additionally, the moving party must submit a letter to opposing counsel which " identif[ies] each issue and/or discovery request in dispute, stating

3

briefly the moving party's position with respect to each (and providing any legal authority), and specifying the terms of the discovery order to be sought." V.I. R. Civ. P. 37-1(b). The moving party is then responsible for "mak[ing] any necessary arrangements for a conference." V.I. R. Civ. P. 37-1 (c)(1). Counsel are encouraged to meet, whether in person, telephonically, or by video conferencing within fifteen (15) days of serving the letter requesting such conference. V.I. R. Civ. P. 37-1 (c)(2); V.I. R. Civ. P. 37-1 (c)(3).

## II.    FACTUAL AND PROCEDURAL HISTORY

¶6      During the months of September, October, and December of 2014, and January and February of 2015, Brooks, while pregnant, visited the Roy Lester Schneider Hospital suspicious of fetal complications. Doctors and hospital staff examined Brooks where they allegedly missed early signs and symptoms of a "true knot" which impacted the health and well-being of Brooks' fetus, "KG." As a result of the alleged misconduct, KG suffered permanent brain damage which requires constant medical attention for the foreseeable future. Brooks asserts all Defendants are liable for the misdiagnosis of KG.

¶7      Brooks filed her complaint on April 29, 2019. On July 16, 2020, Brooks sent a letter to counsel for Defendants requesting all outstanding discovery responses. In this letter, Brooks stated Dr. Nimmo, Dr. Cassandra Whitaker ("Dr. Whitaker"), Stuart, and VIGHHFC had not responded to Brooks' interrogatories or demands for production of documents and requested all such information be provided within the next ten (10) days. Stuart eventually provided her responses. However, on September 16, 2020, Brooks sent another letter to Stuart requesting she supplement her responses to discovery within ten (10) days. Specifically, Brooks argues Stuart did not answer questions fully or incorrectly rejects answering the questions. The parties met and conferred on September 29, 2020, to discuss the discovery sought by Brooks.

¶8     On October 15, 2020, Brooks sent another letter to Stuart summarizing what the parties agreed upon while meeting on September 29, 2020. In this letter, Brooks states Stuart agreed to supplement Interrogatories Nos. 7, 8, 11 and Demands for Production Nos. 29 and 30, but declined to supplement Interrogatories Nos. 13, 14, 15, 20, and 23, and Demands for Production Nos. 2, 13, 15, 25, 26, 27, 28, 31, 34, 36, and 37-47. Brooks withdrew her Demands for Production nos. 7, 11, 12, 16, 18, and 33. Stuart provided no reason for declining to supplement such interrogatories and demands for production.

¶9     On October 23, 2020, Brooks moved to compel Stuart to supplement discovery responses for Interrogatory Nos: 13, 14, 15, 20, 23, 24, and 25, and demanded Stuart produce information regarding Demands for Production Nos: 13, 15, 24-28, 31, 34, and 36-47. Stuart filed her opposition on October 27, 2020, arguing Brooks' motion to compel is "harassing, cumulative and redundant." Brooks filed her reply on October 30, 2020.

### III.     ANALYSIS

#### a.    *Brooks Satisfied the Meet and Confer Requirement*

¶10     The parties met and conferred on September 29, 2020, to discuss the supplemental information that would be provided. Brooks made a good faith effort to obtain discovery without court action, and the motion certifies that such efforts were made in accordance with V.I. R. Civ. P. 37(a)(1). Given the communications between Brooks and Stuart and for the reasons stated, the Court finds that Brooks satisfied the meet and confer requirement.

#### b.    *Brooks' Motion to Compel Defendant Stuart Will be Granted*

¶11     "For discovery to progress effectively, each party must provide truthful, complete, candid, and explicit responses to each individual discovery request." *Cruz*, 2020 V.I. LEXIS 45, at *7; *Donastorg*, 2019 V.I. LEXIS 66, at *10. Regarding interrogatories, the responding party must answer

5

each interrogatory "separately and fully in writing," unless the responding party demonstrates that he cannot do so "with the exercise of reasonable efforts." V.I. R. CIV. P. 33 advisory committee's note to subpart (b). Only when the responding party has made this representation can they state the answer to an interrogatory may be determined by examining other documents. *See* V.I. R. CIV. P. 33 advisory committee's note to subpart (d). Otherwise, answering an interrogatory by merely "referring to pleadings or other discovery is insufficient." 96 A.L.R. 2d 598 (1964).[2] When an attorney or party signs a discovery response, he "certifies that to the best of [his] knowledge, information, and belief formed after a reasonable inquiry, each disclosure is complete and correct, and that each discovery response is warranted by law, not interposed for any improper purpose, and neither is unreasonable nor unduly burdensome." *Cruz*, 2020 V.I. LEXIS 45, at *8; *Donastorg*, 2019 V.I. LEXIS 66, at *10, (internal quotations omitted) (citing V.I. R. CIV. P. 26(g)(1)). "Gamesmanship to evade answering as required is not allowed." *Donastorg*, 2019 V.I. LEXIS 66 at *10, (quoting *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 422 (N.D.W. Va. 2006)).

¶12    Brooks moves to compel Stuart to supplement her responses to Interrogatory Nos. 13, 14, 15, 20, 23, 24, and 25, and Demands to Production Nos. 13, 15, 24-28, 31, 34, and 36-47. The Court will evaluate each request to supplement responses and the sufficiency of Stuart's responses against the standard expressed in the Virgin Islands Rules of Evidence Rule 401.

INTERROGATORY NO. 13

*Interrogatory No. 13 states:*

Please identify and describe the applicable standard of care that you contend applied to your treatment of Kishna Brooks and KG, all medical literature that supports this standard that was known to you and/or considered by you during the time that you

---

[2] "An answer to an interrogatory must be responsive to the question; it should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." 96 A.L.R. 2d 598 (1964).

treated Krishna Brooks and KG, and if you are contending that your care of Kishna Brooks and KG met the applicable standard, identify each and every fact in support of this contention, all witnesses who will testify to this, and all medical literature regarding the same.

*Response to Interrogatory No. 13 states:*

Standard of care is established by experts. The time for disclosure of experts has not expired.

¶13     Brooks argues the standard of care is what medical professionals learn while in medical school and medical staff shall not treat a patient without knowing the correct standard of care to provide. Conversely, Stuart argues the standard of care is established by experts and the question calls for a legal opinion which Stuart is not qualified to answer. The Court finds Stuart's response wholly insufficient. *See Kralik v. Osage STX Holdings, LLC*, 2020 VI Super 69 (Super. Ct. 2020). As a medical professional, Stuart understands the standard of care is necessary for her to comply with hospital rules and regulations. There are several standards of care that apply to Stuart's midwifery profession, and Stuart is in the best position to provide such a response. *Schrader v. Juan F. Luis Hosp. & Med. Ctr.*, No. SX-12-CV-066, 2016 V.I. LEXIS 66, at *7 (Super. Ct. June 7, 2016) (footnote 3 listing the most common standards of care in medical malpractice cases: the national standard of care, the locality rule, and the respectable minority rule). Courts have held that medical facilities and professionals side-stepping questions regarding standard of care is unacceptable. *O'Garro v. Bryan*, No. SX-19-CV-112, 2021 V.I. LEXIS 39, at *11 (Super. Ct. May 26, 2021). As such, Stuart is qualified to provide the standard of care for her profession as a mid-wife.

¶14     The Court holds the information requested in Interrogatory No. 13 relevant to Brooks' claim and is therefore discoverable. The Court finds that Stuart's response is incomplete and will **ORDER** response to Interrogatory No. 13 to be supplemented. Stuart shall provide any applicable medical literature related to the standard of care proffered; the medical standard of care she is aware of and

applied at the time of treatment, specific facts, or actions to support her claim, and the names of others present who can attest to her care.

INTERROGATORY NO. 14

*Interrogatory No. 14 states:*

Identify any and all persons known to you who were involved in any manner in the testing, diagnosis and/or treatment of Kishna Brooks or KG, at any time and describe the specific involvement that each person had and/or the specific actions taken by each, describe Kishna Brooks' response to same, and identify any and all communications between you and each person, concerning Kishna Brooks and KG.

*Response to Interrogatory No. 14 states:*

That information is in the medical records.

¶15    Brooks demands narrative responses to Interrogatory No. 14. and argues Stuart's reference to the medical records for Interrogatory No. 14 is insufficient; merely citing to documents does not serve the same purpose as interrogatories. Brooks seeks facts in the form of a narrative answer instead of documents or tangible objects. Stuart argues the information Brooks seeks exists in the medical records already produced by Stuart and to review and recite all the medical records that are in Brooks' possession is "harassing, cumulative and redundant."

¶16    The information requested in Interrogatory No. 14 is relevant to Brooks' claim and is therefore discoverable. Additionally, Brooks is entitled to a narrative response "fully in writing." V.I. R. CIV. P. 33(b)(3); *Great Lakes Ins. S.E. & HDI Glob. Specialty S.E. v. Sunshine Shopping Ctr.*, No. 1:19-cv-00039, 2020 U.S. Dist. LEXIS 255244, at *6 (D.V.I. June 22, 2020) ("courts have interpreted the requirement of answering each interrogatory 'separate and fully in writing' . . . as requiring a narrative response."). Stuart puts forth no effort in responding to the interrogatory posed. Thus, the Court shall **ORDER** Stuart to provide a full, narrative response to Interrogatory No. 14 and provide the names of all individuals known to her regarding the testing, diagnosis, and/or treatment of Brooks and

include the specific involvement each person had and include any communications between Stuart

and the aforementioned persons.

INTERROGATORY NO. 15

*Interrogatory No. 15 states:*

Please describe in detail all medical experience that you had as of 2014, in the treatment of, testing for, diagnosis and/or care of patients with the child in-utero having a true knot in the umbilical cord, including all training in the same, all certifications in the same, the number of years that you have routinely tested for, diagnosed and/or treated patients for these conditions, and please state the approximate number of persons on which you have performed such services from 2010 to the present.

*Response to Interrogatory No. 15 states:*

Not applicable.

¶17     Brooks argues Stuart's response is inappropriate because the information sought is relevant

to this case at hand. Stuart argues her answer is sufficient as the question is not relevant because at

the time of Brooks' encounter with Stuart, Brooks was not diagnosed with a true knot. Stuart opines

Brooks' symptoms of "contractions and a headache" is not conclusive of a true knot. The reality is

Stuart made no effort to answer any part of this interrogatory. This information is certainly relevant

and therefore discoverable. Further, the answer of "not applicable" is inconsistent with the

interrogatory. Stuart may not have any relevant experience or training and if so, Stuart is required to

provide a narrative response explaining such. *See* V.I. R. CIV. P. 33(b)(3). Likewise, Stuart should be

able to describe her medical experience. Thus, the Court holds the information requested in

Interrogatory No. 15 is relevant and finds Stuart's response unacceptable. The Court will **ORDER**

Stuart to supplement her response to Interrogatory No. 15 and provide all medical experience,

trainings, certifications, etc. relevant to patients bearing a child in-utero suffering from a true knot.

### INTERROGATORY NO. 20

*Interrogatory No. 20 states:*

Please describe in detail any and all hospital procedures, practices, rules and/or criteria that you were to follow concerning your evaluation, treatment and care of Krishna Brooks and KG at any and all times from September 2014 to March 2015 at the Hospital.

*Response to Interrogatory No. 20 states:*

See response to No. 9.

*Response to Interrogatory No. 9 states:*

I have very little recollection of the patient encounter. I recall triaging said patient during my night shift on January 26, 2015. She came in complaining of decreased fetal movement. We did a 30 mins non stress test that revealed she had fetal movement during that time and a reassuring fetal heart rate that did not warrant further management; therefore patient was sent home after discussing it with the Doctor on call. That was my only encounter with her.

¶18     Similar to the Court's analysis for Interrogatory No. 14, the information requested in Interrogatory No. 20 is relevant to Brooks' claim and is therefore discoverable. Brooks is entitled to a narrative response "fully in writing," and Stuart puts forth little effort in responding to the interrogatory posed. V.I. R. CIV. P. 33(b)(3); *Great Lakes Ins. S.E. & HDI Glob. Specialty S.E. v. Sunshine Shopping Ctr.*, No. 1:19-cv-00039, 2020 U.S. Dist. LEXIS 255244, at *6 (D.V.I. June 22, 2020). Stuart directs Brooks to a previously answered interrogatory in her response for Interrogatory No. 20. As such, Stuart's response fails to include necessary information that Brooks seeks. Specifically, in her response Stuart states, "we did a 30 mins non stress test," yet fails to clarify who she was with at the time. Stuart should be able to identify all persons to her knowledge involved in the testing, diagnosis, and treatment of Brooks and KG and all relevant communication between persons. Even if this requires Stuart to review her personal records. The Court holds Stuart's response to Interrogatory No. 20 as incomplete and will **ORDER** Stuart to supplement her response and

provide all hospital procedures, practices, rules, and criteria followed concerning her evaluation, treatment and care of Brooks from September 2014 to March 2015.

INTERROGATORY NO. 23

*Interrogatory No. 23 states:*

Please identify any and all other health care practitioners with whom you have had any type of communications regarding the diagnosis, care, or treatment of Krishna Brooks and KG, the dates and time of each such communication, the substance of each such communication, the reason for each communication, and identify all documents referencing and/or concerning such communication.

*Response to Interrogatory No. 23 states:*

See response to No. 9.

*Response to Interrogatory No. 9 states:*

I have very little recollection of the patient encounter. I recall triaging said patient during my night shift on January 26, 2015. She came in complaining of decreased fetal movement. We did a 30 mins non stress test that revealed she had fetal movement during that time and a reassuring fetal heart rate that did not warrant further management; therefore patient was sent home after discussing it with the Doctor on call. That was my only encounter with her.

¶19    Similar to the Court's analysis for Interrogatory No. 20, Stuart provides an insufficient response. The interrogatory asks Stuart to "identify any and all other health care practitioners" involved in the treatment of Brooks and to include dates and documents of such treatment. Again, Stuart does not identify the "we" or the "doctor on call" in her response. Stuart uses a blanket response for several interrogatories, each of which poses a different question that requires an appropriate response. *See* V.I. R. CIV. P. 33(b)(3). As such, the Court will **ORDER** Stuart to supplement her response to Interrogatory No. 23 and provide all communications and with whom regarding diagnosis, care, or treatment of Brooks.

11

## INTERROGATORY NOS. 24, 25

*Interrogatory No. 24 states:*

In Defendants' Affirmative Defense No. 16, Defendants allege that, "Plaintiff is barred from recovery for Plaintiff's failure to comply with instructions, orders, and/or directions of treating health care providers." Please state and describe all instructions, orders and/or directions you contend Plaintiff failed to comply with, identify all documents regarding same and identify all persons with knowledge of same, and state your reasons for your contentions of Plaintiff's failure to comply with the instructions, orders and/or directions of treating healthcare providers.

*Response to Interrogatory No. 24 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Interrogatory No. 25 states:*

In Defendants' Affirmative Defense No. 17, Defendants allege that, "Plaintiff is barred from recovery herein by reason of the fact that the Defendants committed no act of medical malpractice." Please describe all reasons of your contentions that Defendants committed no act of medical malpractice, identify all documents which evidence same and identify all persons with knowledge of same.

*Response to Interrogatory No. 25 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

¶20     Brooks submits she is entitled to "facts known to date and persons with knowledge," whereas Stuart argues the Virgin Islands Rules of Civil Procedure requires a party to include any affirmative defenses in their answer and may posit as many affirmative defenses as they desire. Stuart asserts she will amend her answer if the ongoing discovery process reveals contradicting evidence. Although the Virgin Islands of Civil Procedure permits pleading in the alternative, a party must respond to interrogatories with "all facts currently known" regarding their affirmative defense. *See Sabin v. St. Croix Basic Servs.*, No. 2002/80, 2003 U.S. Dist. LEXIS 24525, at *5-6 (D.V.I. Oct. 6, 2003). A

12

defendant is not required to respond to "any interrogatory concerning an affirmative defense based solely upon a legal proposition." *Sabin*, 2003 U.S. Dist. LEXIS 24525, at *6.

¶21    Brooks is entitled to any current and future information which supports these defenses, if it exists. *See Sabin*, 2003 U.S. Dist. LEXIS 24525 at *9-10. Thus, the Court will **ORDER** Stuart to supplement her Response to Interrogatories Nos. 24 and 25, and Stuart shall provide Brooks any and all information which supports the affirmative defenses asserted by Stuart. If no information exists at this time, Stuart shall affirmatively say so.

## DEMAND FOR PRODUCTION NO. 13

*Demand for Production No. 13 states:*

Produce copies of any and all photographs, videos, radiological tests, x-ray films, digital x-rays, charts, graphs, scans, computer generated images or other such visual depictions relating in any way to your treatment of Kishna Brooks and/or KG.

*Response to Demand for Production No. 13 states:*

See medical records previously produced.

¶22    Brooks requests Stuart to identify the appropriate medical records and documents during the course of Brooks' treatment. Again, Stuart does not directly explain how her response to Demand for Production No. 13 is sufficient. Stuart responds to Demand for Production No. 13 by directing Brooks to previously produced medical records. However, a responding party may not simply refer to a "mass of records" when responding to a discovery request. *Nobles v. Jacobs IMC (JIMC)*, No. 2002/26, 2003 U.S. Dist. LEXIS 24083, at *5 (D.V.I. July 7, 2003). The responding party must "specifically identify which documents contain the requested information" when responding. *Id*. Thus, the Court will **ORDER** Stuart to supplement her Response to Demand for Production No. 13 and provide bates-stamped numbers or by use of any other appropriate identifying marks.

13

### DEMAND FOR PRODUCTION NO. 15

*Demand for Production No. 15 states:*

Produce copies of all standards, policies, procedures, medical literature, practices, rules, protocols, regulations, medical treatises, criteria, and/or documentation of any kind whatsoever, that you read, reviewed, consulted and/or relied upon, followed by you, with regard to your treatment, testing, examinations and diagnosis of Kishna Brooks and/or KG in from September 2014 to March 2015.

*Response to Demand for Production No. 15 states:*

I do not have such documents in my possession.

¶23     Brooks argues the government must make a "reasonable effort" to assure Stuart provides all the information and documents available and pertinent to the request. Stuart does not explain how her responses to Demand for Production No. 15 is sufficient. Brooks cites *Legault v. Zambarano*, 105 F.3d 24, 28 (1st Cir. 1997), which examines the notes of Federal Rules of Civil Procedure Rule 26(g)[3]. Same and similar language discussing an attorney's responsibility is also found in the third circuit. *See Winner v. Etkin & Co.*, No. 2:07-cv-903, 2008 U.S. Dist. LEXIS 105419, at *11 (W.D. Pa. Dec. 31, 2008) (attorney must make "a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."); *see also Claude Worthington Benedum Found. v. Harley*, Civil Action No. 12-1386, 2014 U.S. Dist. LEXIS 99019, at *11 (W.D. Pa. July 22, 2014) (counsel's signature "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him[.]"). Although the same comment is not in the Virgin Islands Rules of Civil Procedure, Rule 26

---

[3] "Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand. Thus, the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33." FED. R. CIV. P. 26(g).

of the Federal Rules of Civil Procedure and the Virgin Islands Rules of Civil Procedure are identical.[4]

Therefore, the same or a similar standard should be applied.

¶24     As such, the Court is not convinced Stuart is unable to produce any literature, manuals, rules,

or documents related to her profession or her treatment of Brooks. Thus, the Court finds Stuart's

responses inadequate and will **ORDER** Stuart to supplement her response to Demand for Production

No. 15 and counsel for Stuart must make reasonable efforts to provide the information sought by

Brooks.

## DEMANDS FOR PRODUCTION NOS. 24-28

*Demand for Production No. 24 states:*

Produce manual, guideline or other item describing policies, protocols, or procedures
in effect at the Hospital from 2014 to 2015 relative to the care, testing and treatment of
a true knot of the umbilical cord.

*Response to Demand for Production No. 24 states:*

I do not have any of these documents.

*Demand for Production No. 25 states:*

Produce manual, guideline or other item describing policies, protocols, or procedures
in effect at the Hospital from 2014 to 2015 relative to the care, testing and treatment of
decreased fetal movement.

*Response to Demand for Production No. 25 states:*

I do not have any of these documents.

*Demand for Production No. 26 states:*

Produce manual, guideline or other item describing policies, protocols, or procedures
in effect at the Hospital from 2014 to 2015 relative to the care, testing and treatment of
the fetus having several bradycardic episodes.

*Response to Demand for Production No. 26 states:*

---

[4] *In re Adoption of the V.I. Rules of Civil Procedure*, No. 2017-001 V.I. Supreme Lexis 22 (Apr. 3, 2017).

See previous response.

*Demand for Production No. 27 states:*

Produce manual, guideline or other item describing policies, protocols, or procedures in effect at the Hospital from 2014 to 2015 relative to the care, testing and treatment of persistent fetal heart rate deceleration.

*Response to Demand for Production No. 27 states:*

See previous response.

*Demand for Production No. 28 states:*

Produce manual, guideline or other item describing policies, protocols, or procedures in effect at the Hospital from 2014 to 2015 relative to the care, testing and treatment of the inability to hear a fetal heartbeat.

*Response to Demand for Production No. 28 states:*

See previous response.

¶25    The Court's analysis for Demands for Productions Nos. 24-28 is similar to the Court's analysis for Demand for Production No. 15. Counsel for Stuart must make a reasonable effort to assure that Stuart provided all the documents to Brooks available to her. Given the circumstances, the Court is not convinced Stuart is unable to produce any literature, manuals, rules, or documents related to her profession or her treatment of decreased fetal movement, bradycardic episodes, persistent fetal heart rate deceleration, or the inability to hear a fetal heartbeat. Thus, the Court finds Stuart's responses inadequate and will **ORDER** Stuart to supplement her responses to Demands for Production Nos. 24-28 and counsel for Stuart must make reasonable efforts to provide the information sought by Brooks.

## DEMAND FOR PRODUCTION NO. 31

*Demand for Production No. 31 states:*

Please produce a complete copy of your personnel file at the Hospital and/or from any other place of employment where you have been employed within the last ten (10) years.

*Response to Demand for Production No. 31 states:*

Objection. Personnel records are protected from discovery.

¶26 Stuart insists her personnel files are confidential and protected from discovery. However, Brooks correctly points out nonprivileged materials are discoverable so long as the information is relevant and not privileged. *See Cruz*, 2020 V.I. LEXIS 45, at *1 (quoting *Donastorg*, 2019 V.I. LEXIS 66, *5). In the case *sub judice*, the personnel file sought is relevant and Brooks is entitled to ask for this information. Further, V.I. R. Civ. P. 26(b) establishes the scope of discovery and states that it encompasses "any nonprivileged matter that is relevant to any party's claim or defense." *Arvidson v. Buchar*, No. ST-16-CV-410, 2018 V.I. LEXIS 149, at *23 (Super. Ct. June 6, 2018). Citizens have the right to examine and copy public records. 3 V.I.C. § 881(a). Personal information in confidential personnel records is kept confidential unless ordered by a court to release such information. 3 V.I.C. § 881(g)(10). There may be confidential information in Stuart's personnel records, but the Court does not find her employment history confidential and worthy of withholding. Thus, the Court finds Stuart's response to Demand for Production No. 31 inadequate and will **ORDER** Stuart to provide Brooks with a properly redacted copy of her personnel file from the hospital and any other place of employment within the last ten (10) years.

## DEMAND FOR PRODUCTION NO. 34

*Demand for Production No. 34 states:*

Produce copies of any and all documents and communications between you and Kishna Brooks and/or anyone on her behalf, concerning the care plan/recommendation that you contend/affirm/believe that she did not follow.

*Response to Demand for Production No. 34 states:*

Objection. This inquiry assumes disputed facts.

¶27   Stuart objects to Brooks' request because the Demand for Production assumes facts that are in dispute. Brooks argues this information is relevant and discoverable and is therefore entitled to request it. The Court does not read Brooks' Demand for Production No. 34 to include an assumption of facts that are in dispute. Brooks requests existing documents or information which Stuart is relying on to support her affirmative defense. As mentioned in Interrogatory Nos. 24 and 25, Stuart must respond with "all facts currently known" regarding her affirmative defense. *See Sabin v. St. Croix Basic Servs.*, No. 2002/80, 2003 U.S. Dist. LEXIS 24525, at *5-6 (D.V.I. Oct. 6, 2003). Therefore, the Court will **ORDER** Stuart to provide any and all documents and communications between Stuart and Brooks or anyone on Brooks' behalf concerning the care plan, or recommendation, Stuart alleges Brooks did not follow.

## DEMAND FOR PRODUCTION NO. 36

*Demand for Production No. 36 states:*

Produce and identify all patient records and nurse notes, including, but not limited to, the records of February 26, 2015, that were hidden.

*Response to Demand for Production No. 36 states:*

Objection. This inquiry assumes disputed facts.

¶28   Stuart objects to Brooks' request because the Demand for Production assumes that Brooks did not follow orders while in the hospital or records that were "hidden" from Brooks on February

18

26, 2015. Brooks argues this information is relevant and discoverable and is therefore entitled to request it. While the Court recognizes the verbiage of Brooks' Request for Production is worded in a manner which suggests intentional wrongdoing by Stuart, the objection is overruled because the information sought is relevant and discoverable. If Stuart believes an assumed fact by Brooks is false, the proper response is to respond to the request for demand and in her answer deny any assumed facts. *Stinson v. Sirleff*, 92 Civ. 6059 (SWK), 1994 U.S. Dist. LEXIS 10584, at *3 (S.D.N.Y. Aug. 1, 1994). Stuart's response is inadequate, and the Court will **ORDER** Stuart to supplement her responses to Demand for Production No. 36. Stuart shall provide all patient records and nurse notes including the records of February 26, 2015. Any denial of assumed facts shall be articulated in Stuart's response.

## DEMAND FOR PRODUCTION NOS. 37-47

*Demand for Production No. 37 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 12 that, "Plaintiff is barred from recovery against Defendants by Plaintiffs' own negligence, which constituted more than fifty-one (51%) of the proximate cause of her damages."

*Response to Demand for Production No. 37 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 38 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 13 that, "Plaintiff is barred from recovery in whole or in part because the damages of which she complains are due to the acts and omissions of other parties, over which the Defendant have no control."

*Response to Demand for Production No. 38 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 39 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 14 that, "Plaintiff is barred from recovery against Defendants because Kishna Brooks knowingly and intelligently consented to the medical treatment performed by the Defendants after she was reasonably and adequately warned of all alleged risks and had actual, constructive or imputed knowledge of same, with full knowledge of the risks which could occur from such treatment, and for which the Plaintiff claims damages in this cause of action."

*Response to Demand for Production No. 39 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 40 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 15 that, "Plaintiff is barred from recovery against Defendants for failure to join necessary and indispensable parties."

*Response to Demand for Production No. 40 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 41 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 16 that, "Plaintiff is barred from recovery for Plaintiff's failure to comply with instructions, orders, and/or directions of treating health care providers."
*Response to Demand for Production No. 41 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 42 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 17 that, "Plaintiff is barred from recovery herein by reason of the fact that the Defendants committed no act of medical malpractice."

*Response to Demand for Production No. 42 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 43 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 18 that, "Plaintiff is barred from recovery against Defendants because the allegations against Defendants, even if proven true, are not the proximate cause of any alleged damages."

*Response to Demand for Production No. 43 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 44 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 19 that, "Plaintiff is barred from recovery against Defendants because each and every obligation and duty owed to Plaintiff was fully performed and discharged."

*Response to Demand for Production No. 44 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 45 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 20 that, "Plaintiff is barred from recovery against Defendants because Plaintiff's own negligence exceeded that of the Defendant, if any, which is specifically denied."

*Response to Demand for Production No. 45 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 46 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 21 that, "Plaintiff is barred from recovery herein against the Defendants to the extend payments have been received from collateral sources. To the extent collateral source payments have been received, the Defendant claims said payments as a set-off against any judgment which might be recovered against them."

*Response to Demand for Production No. 46 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

*Demand for Production No. 47 states:*

Please produce complete copies of all writings, correspondence, reports, records, notes, memoranda, electronic data, documents and any other items to support your Affirmative Defense No. 22 that, "Plaintiff is barred from the recovery of damages against Defendants for multiple occurrences of loss, because of her losses, if any, were from a single occurrence and as such, multiples for damages are barred by statute and the basis for recovery is unsupported by the facts."

*Response to Demand for Production No. 47 states:*

Discovery is still ongoing. If there is no evidence to support this defense it will be withdrawn.

¶29 Similar to the Court's analysis for Interrogatory Nos. 24 and 25, merely claiming "discovery is still ongoing" is an insufficient response. In her Demand for Production Nos. 37-47, Brooks requests any documented information with respect to affirmative defenses 12-22. Stuart, like before, maintains she is only required to provide known information and will withdraw any affirmative defenses unless evidence supports such a defense. Each party is entitled to know the factual basis of each claim or defenses. *Sabin*, 2003 U.S. Dist. LEXIS 24525, at *5. Stuart need not provide

22

information regarding the "ultimate determination" of the case but must include "all facts currently known to defendant as requested by plaintiff." *Id*. at *6.

¶30     As it stands, Stuart's responses lack any of the necessary depth to support her defenses. Stuart may retain her affirmative defenses while discovery continues to proceed, but Brooks is entitled to any and all information available which supports these affirmative defenses. As such, the Court will **ORDER** Stuart to supplement her responses to Demands for Production Nos. 37-47. Stuart shall provide Brooks any and all information which supports the affirmative defenses asserted by Stuart. Brooks is entitled to any current and future information which supports these defenses, if such information exists and if it does not exist at this time, Stuart must affirmatively say so.

## IV.     CONCLUSION

¶31     In conclusion, Brooks has demonstrated her good faith efforts to obtain discovery information without court interference and Stuart provided incomplete answers to Brooks' interrogatories and demands for production. The Court holds Stuart must supplement her interrogatory and demand for production responses. The motion to compel is granted. An Order consistent herewith immediately follows.

Dated: March ___9___, 2022

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
  for Latoya Camacho
      Court Clerk Supervisor 3/10/2022

_____
**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*******

| | | |
|---|---|---|
| KISHNA BROOKS on her own and as next friend of KG, | ) ) ) | CASE NO. ST-19-CV-210 |
| Plaintiff, | ) ) | |
| | ) | ACTION FOR DAMAGES |
| v. | ) ) | |
| DR. CASSANDRA WHITAKER, DR. RONALD NIMMO, MID-WIFE ANNE MARIE STUART, NURSE BENNET, MID-WIFES XYZ, NURSE XYZ, and VIRGINS ISLANDS GOVERNMENT HOSPITALS and HEALTH FACILITIES CORPORATION as Representative of the ROY LESTER SCHNEIDER HOSPITAL, | ) ) ) ) ) ) ) ) ) ) | Cite as 2022 VI Super 27U |
| Defendants. | ) ) ) | **JURY TRIAL DEMANDED** |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's, Kishna Brooks ("Brooks"), "Motion to Compel Anne Marie Stuart to Supplement Written Discovery Reponses," filed on October 23, 2020. Defendant, Anne Marie Stuart ("Stuart"), filed her opposition on October 27, 2020, and Brooks filed her reply on October 30, 2020. The Court having been advised in its premises, it is hereby

**ORDERED** that Brooks' request to compel supplemental responses to Interrogatory Nos. 13, 14, 15, 20, 23, 24, and 25, and Demand for Productions Nos. 13, 15, 24, 25, 26, 27, 28, 31, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 are **GRANTED;** and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 13 by describing any applicable standard of care which applied to the treatment of Brooks and KG, providing any medical literature

which supports this standard of care, and identify any witnesses who will testify to the applicable standard of care. Stuart will also provide facts relating to the standard of care proffered and include the names of witnesses who will testify to the standard of care administered; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 14 by identifying any persons known to Stuart that were involved in the testing, diagnosis, or treatment of Brooks and KG, describing the involvement and actions taken by each person, and the communication between Stuart, Brooks, and any other person; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 15 by describing any and all medical experience Stuart had as of 2014 relating to the treatment, testing, diagnosis, and care for patients with a child in-utero experiencing a true knot in the umbilical cord including training, certifications, and previous encounters with a true knot; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 20 by describing in detail the hospital's procedures, practices, rules, and criteria hospital personnel are to follow concerning the evaluation, treatment, and care of Brooks and KG from September 2014, to March 2015; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 23 by identifying any other health care practitioners with whom Stuart had any type of communication with regarding the diagnosis, care, or treatment of Brooks and KG, including the dates, substance, and reason for each communication and referencing any documents included in said communications; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 24 by describing any instructions, orders, or directions Stuart believes Brooks failed to comply with and identify documents or persons regarding the same. Stuart will also provide reasons or evidence of Brooks' failure to comply with the orders and direction of health care providers; and it is further

**ORDERED** that Stuart shall supplement Interrogatory No. 25 by describing any reasons, document, persons, or evidence, to Stuart's knowledge, which supports Stuart's opinion that there was no medical malpractice; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 13 by describing in particularity copies of any and all photographs, videos, radiological tests, x-ray films, digital x-rays, charts, graphs, scans, computer generated images or other such visual depictions relating in Stuart's treatment of Brooks and KG; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 15 by producing copies of all standards, policies, procedures, medical literature, practices, rules, protocols, regulations, medical treatises, criteria, or documentation Stuart read, reviewed, consulted, or relied upon regarding the treatment, testing, examinations, and diagnosis of Brooks or KG from September 2014, to March 2015. Counsel must make reasonable efforts to certify Stuart attempted to ascertain such information. If such information is unavailable, Stuart can elaborate as to the reasonable efforts made and why such information is unascertainable; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 24 by producing manuals, guidelines or other documents describing policies, protocols, and procedures in effect at the hospital of your employment from 2014 to 2015 relating to the care, testing, and treatment of a true knot; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 25 by producing manuals, guidelines or other documents describing policies, protocols, and procedures in effect at the hospital of your employment from 2014 to 2015 relating to the care, testing, and treatment of decreased fetal movement; and it is further

3

**ORDERED** that Stuart shall supplement Demand for Production No. 26 by producing manuals, guidelines or other documents describing policies, protocols, and procedures in effect at the hospital of your employment from 2014 to 2015 relating to the care, testing, and treatment of a fetus suffering from several bradycardic episodes; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 27 by producing manuals, guidelines or other documents describing policies, protocols, and procedures in effect at the hospital of your employment from 2014 to 2015 relating to the care, testing, and treatment of persistent fetal heart rate deceleration; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 28 by producing manuals, guidelines or other documents describing policies, protocols, and procedures in effect at the hospital of your employment from 2014 to 2015 relating to the care, testing, and treatment of the inability to hear a fetal heartbeat; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 31 by producing a copy of Stuart's personnel file at the hospital where she is employed and any other place of employment where Stuart was employed within the last ten years. Stuart may redact any confidential information; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 34 by producing copies of any documents and communications between Stuart and Brooks, or anyone on her behalf, concerning the care plan and recommendation that Stuart believes Brooks did not follow; and it is further

**ORDERED** that Stuart shall supplement Demand for Production No. 36 by producing and identifying Brooks' patient records and nurse notes, including documents on record for February 26, 2015; and it is further

4

**ORDERED** that Stuart shall supplement Demands for Production Nos. 37-47 by producing any supporting information pertaining to Stuart's respective affirmative defenses. If no such information exists, Stuart must affirmatively say so; and it is further

**ORDERED** that Stuart shall supplement their responses to written discovery within thirty (30) days after the date of entry of this Order; and it is further

**ORDERED** that copies of this Order shall be directed to Lee J. Rohn, Esquire, and Royette V. Russell, Esquire.

Dated: March 9, 2022

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**ATTEST**:
Tamara Charles
Clerk of the Court

By:
Latoya Camacho
Court Clerk Supervisor 3 / 10 / 2022

5