

**FILED**
May 26, 2023 01:47 PM
SX-2020-CV-00722
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| HAYDEN BARRY,<br><br>Plaintiff,<br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br>ISLAND SAINTS CORP.,<br>UNITED CORP. and<br>KAC357, INC.,<br><br>Defendants. | CIVIL NO.  SX-20-CV-722<br><br>Complex Litigation Division<br><br>(Grouped under Master Case<br> Civil No. SX-20-MC-090) |

**Cite as: 2022 VI Super 27U**

**MEMORANDUM OPINION**
**(Filed May 26, 2023)**

**Andrews, Jr.,** *Judge*

## INTRODUCTION

¶1   Plaintiff brings this action for damages against a tobacco manufacturer, a wholesaler and two retailers.  He alleges, between 1978 and 1998, he smoked Winston cigarettes purchased from defendants United Corporation (Plaza Extra East) and KAC357, Inc. (Plaza Extra West), distributed by defendant Island Saints Corp. (Island Saints), and manufactured by defendant R.J. Reynolds Tobacco company.  His smoking of cigarettes, he claims, caused him to suffer bladder cancer and heart disease and Defendants are strictly liable for such harm.  Island Saints now moves this court for summary judgment alleging

Plaintiff's strict products liability claim should be dismissed because he has failed to establish Island Saints distributed, to Plaza Extra East and Plaza Extra West, the cigarettes he smoked. For the reasons mentioned below, this Court will deny Island Saints' Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

¶2    On September 6, 2020, plaintiff Hayden Barry commenced this action for damages against certain tobacco retailers, wholesalers, and manufacturers. On June 30, 2022, wholesaler defendant Island Saints, along with retailer defendants, Plaza Extra East, and Plaza Extra West, filed the instant Motion for Summary Judgment challenging Count 1 (Strict Products Liability) and Count 4 (Breach of Implied Warranty). Plaintiff opposed the motion on July 21, 2022, and Defendants filed their reply on August 4, 2022. Plaintiff, on March 17, 2023, amended his complaint and named the following defendants:

1) Manufacturers Philip Morris USA, Inc. and R.J. Reynolds Tobacco Company;

2) Wholesaler Island Saints, Corp.; and

3) Retailers United Corporation d/b/a Plaza Extra East and KAC357 d/b/a Plaza Extra West.

Amended Compl., p 1. This complaint did not include the previous claim for breach of implied warranty of merchantability (Count 4). Since that was the only

count challenged by retailer defendants, the amended complaint mooted the motion for summary judgment as to them. At a hearing held on April 11, 2023, this Court granted Island Saints' oral motion to deem its summary judgment motion applicable to the amended complaint and permitted the filing of supplemental memoranda. Plaintiff filed a supplemental opposition to the summary judgment motion on April 21, 2023, and Island Saints replied on May 2, 2023. This Court heard arguments regarding the summary judgment motion on May 8, 2023, and took the matter under advisement.

## UNDISPUTED FACTS

Plaintiff alleged certain facts in his Amended Complaint which the Court deems relevant to Island Saint's summary judgment motion. Island Saints admitted to them in its Answer and hence those facts are undisputed. They are as follows:

1) R.J. Reynolds Tobacco Company is a North Carolina corporation that designs, manufactures, advertises, markets, and distributes cigarettes for resale. First Amended Compl., 2 ¶ 4; Answer, 2 ¶ 4.

2) Island Saints, formerly known as Topa Equities VI Corporation, is a U.S. Virgin Islands corporation with its principal place of business in the Virgin Islands. It is a successor in interest to Bellows International.[1] Island Saints is a wholesaler of consumer products, including cigarettes. [First

---

[1] Although, not specifically admitted, Island Saints, in its summary judgment motion, concedes it is a successor in interest to Bellows. Mot. for Summ. J., p 8 (asserting "[n]one of the exhibits show that defendants Island Saints [through its predecessors in interest, including Bellows] distributed the brand of cigarette manufactured by Reynolds . . .").

Amended Compl., 2 ¶ 5; Island Saints' Answer, 2 ¶ 5, 5 ¶ 15.]

3) Plaza Extra East and Plaza Extra West do business in the Virgin Islands. [First Amended Compl., 2 - 3 ¶¶ 5, 6; Island Saints' Answer, 2 – 3 ¶¶ 5-6.]

Plaintiff also alleged certain relevant facts in his Opposition to the summary judgment motion which he listed under the caption "Statement of Disputed Facts."[2] Opp. to Mot. for Summ. J., 2 – 6, ¶¶ 5 – 16.   With respect to those facts listed under Paragraphs 5 through 10, Island Saints does not dispute them.   Instead, it argues that they are based on unauthenticated hearsay documents (i.e., Ex's. C to I) and cannot be used to oppose summary judgment. Reply, p 8.   Island Saints further argues the documents are irrelevant since they refer to events occurring after Plaintiff quit smoking in 1998. Id.   Plaintiff argued, during the May 8th summary judgment hearing, that the documents are subject to the ancient document exception to the hearsay rule.

The referenced documents (Ex's. C to I) reflect out-of-court statements by parties other than Island Saints and thus would generally constitute hearsay statements incompetent to oppose Island Saints' summary judgment motion. V.I.R.E. 801(c), (d)(2).; Arlington Funding Services, Inc. v. Geigel, 51 V.I. 118, 132 n. 9 (V.I.  2009) (stating "As a general rule, inadmissible hearsay may not be used

---

[2] Plaintiff listed 19 facts under the caption "Statement of Disputed Facts".   However, the Court only finds those fact alleged in Paragraphs 5 to 16 to be relevant to the instant motion.

to support or defeat a motion for summary judgment."), abrogated on other grounds by Benjamin v. AIG Ins. Co. of P.R., 56 V.I. 558, 564 (V.I. 2012). Two of them, however, Exhibits F and H are dated February 27, 1997, and May 17, 1995, respectively. Since they represent documented statements made before January 1, 1998, and appear to be self-authenticating pursuant to V.I.R.E. 901(b)(8), they would be admissible under the Ancient Document exception to the hearsay rule. V.I.R.E. 803(16). The Court thus views the facts supported by Exhibits F and H as undisputed and admissible. They are as follows:

1) A 1997 Lorillard memorandum states that "Bellows also distributes for BBLW and R.J. Reynolds. . ." [Opp. to Mot. for Summ. J., p 3, ¶ 7 (re. Ex. F.]

2) A 1995 Lorillard memorandum shows Bellows was distributing Reynolds' cigarettes. [Id., at 4, ¶ 9 (re. Ex. H.]

Opp. to Mot. for Summ. J., pp 3 – 4.

With respect to the facts alleged in Paragraphs 11 to 15 (which references Exhibits J to O) of Plaintiff's Opposition, Island Saints does not dispute them. Those undisputed facts are as follows:

1) Bellows began distributing cigarettes in the Virgin Islands in 1980.

2) A 1997 letter from Bellows' president, provides a list of brands it represents in the Virgin Islands, including R.J. Reynolds. Ex. M.

3) A 2005 Bellows' Price List shows it distributed Winston cigarettes. Ex. O.

4) A 2009 Bellows' presentation shows that it represented R.J. Reynolds. Ex. N.

5) Screenshots from Bellows (Island Saints' predecessor) show it distributed Winston cigarettes in 2011, 2013 and 2022, and that Reynolds is the manufacturer of Winston cigarettes. Opp. to Mot. for Summ. J., p 9, Exs. J, K, L.

Pl.'s Opp. to Mot. for Summ. J., p 4, ¶¶ 11 – 15; Reply to Pl.'s Opp., pp 9 - 10 (stating "Island Saints does not dispute the content of Exhibits J through O;" or "that it began distributing cigarettes in the Virgin Islands in 1980.").

¶3     Island Saints alleged certain facts as undisputed in their summary judgment motion which this Court finds pertinent to its summary judgment motion. In its supplemental opposition, Plaintiff agreed they were undisputed.   Those facts are as follows:

1) Plaintiff moved to the Virgin Islands in 1978 and continued smoking only Winston cigarettes. [Mot. For Summ. J., p 3 ¶¶ 4, 8; Ex. B, Barry Dep., Vo. I, 47:15 – 25; 17: 7 – 10; Supp. Opp. to Mot. for Summ. J., p 2]

2) Plaintiff purchased Winston cigarettes, in St. Croix, "at many places, Sunshine Supermarket, Coto Grocery, George Supermarket, Plaza Extra, Pueblo." [Id.   p 3 ¶ 9; Ex. D, Barry Response to Interrogatory No. 5; Supp. Opp. to Mot. for Summ. J., p 2]

3) Plaintiff stopped smoking at the time of his cardiac surgery, i.e., 1998. [ Id. at 4, ¶ 10; Ex. B, Barry Dep., Vol 1 at 16:14 -15; 17: 1 – 12; Ex. E, Villa Dep. at 45:14 – 18; Supp. Opp. to Mot. for Summ. J., p 2]

4) Island Saints (f/n/a Topa Equities) began distributing cigarettes wholesale in approximately 1980. [Id. at 4, ¶ 14; Ex. H, Interrog. No. 3; Supp. Opp. to Mot. for Summ. J., p 2]

5) Plaza East and Plaza West, as of March 2022, had multiple distributors of cigarettes including Bellows and West Indies. [Id. at 5, ¶ 15; Supp. Opp. to Mot. for Summ. J. p 2]

## APPLICABLE LAW

Under Virgin Islands law, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I.R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of any genuine issue of material fact. Aubain v. Kazi Foods of V.I., LLC, 70 V.I. 943, 948 (V.I. 2019) (quoting Brodhurst v. Fraizer, 57 V.I. 365, 373-74 (V.I. 2012). In considering a summary judgment motion, "this Court must view all evidence in the light most favorable to the non-moving party." Basic Services v. Govt. of the V.I., 71 V.I. 652, 659 (V.I. 2019). Here, that party is the Plaintiff. To survive summary judgment, Plaintiff must provide sufficient competent evidence, which may be direct or circumstantial, to support all elements of its strict liability claim. Charles v. Arcos Dorados USVI, Inc., 71 V.I. 1146 – 1154 – 55 (V.I. 2019.). Such evidence must be more than a scintilla but may amount to less than a preponderance. Id. at 1155. Indeed, summary judgment is a drastic remedy. It "should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue of material fact." Carrillo v. Citimortage, Inc. 63, V.I. 670, 674 (V.I. 2015), citing Machado v. Yacht Haven U.S.V.I., LLC, 61 V.I. 379-80.

## LEGAL ANALYSIS

¶4 Wholesaler defendant Island Saints seeks a summary judgment order in its favor on the sole count in the complaint against it, that is, Count One (Strict Products Liability). It claims, "there is no record evidence establishing the necessary causation element." Mot. for Summ. J., p 2. Specifically, Island Saints claims there is no evidence that, during the period of Plaintiff's purchases, it provided Winston cigarettes to either of the Plaza Extra stores from which Plaintiff bought them. Id., at 10. Plaintiff claims such evidence exists circumstantially. The parties' competing claims thus raise the following key issue:

> Is there a genuine issue as to whether Island Saints distributed Winston cigarettes to Plaza Extra East or Plaza Extra West stores between 1978 and 1998?

Plaintiff's strict products liability claim is governed by Restatement (Third) of Torts: Products Liability §§ 1, 20 which were adopted as Virgin Islands law by the Virgin Islands Supreme Court in 2011. Banks v. Int'l Rental & Leasing Corp., 55 V.I. 967, 985 (V.I. 2011). To prevail on his claim, Plaintiff must establish the essential element of proximate cause. Gerald v. R.J. Reynolds Tobacco Co., 68 V.I. 3, 43 (Super. Ct. 2017). He thus bears the burden to show sufficient evidence to allow

a jury to conclude that Island Saints distributed Winston cigarettes as indicated above. As explained below, Plaintiff has met his burden.

The following undisputed facts are relevant to determining the key issue raised by Island Saints' summary judgment motion:

1) Plaintiff moved to the Virgin Islands in 1978 and smoked only Winston cigarettes until 1998;

2) Plaintiff purchased the Winston cigarettes from many places in St. Croix, including Plaza Extra;

3) In 1980, Island Saints' predecessor, Bellows, began distributing cigarettes wholesale in the Virgin Islands;

4) In 1995 and 1997, Bellows was distributing cigarettes in the Virgin Islands for R.J. Reynolds;

5) In 2005, Bellow's Price List reflected that it distributed Winston cigarettes;

6) In 2009 Bellow's presentation shows it represented R.J. Reynolds;

7) At least as of 2011, 2013 and 2022 R.J. Reynolds was the manufacturer of Winston cigarettes;

8) Bellows' screen shots show it distributed Reynold's cigarettes, including Winston's, in 2011, 2013 and 2022; and

9) As of March 2022, Plaza Extra East and Plaza Extra West had multiple distributors of cigarettes including Bellows.

From this evidence, a jury could reasonably infer that:

a. Plaza Extra East and Plaza Extra West sold Winston cigarettes to Plaintiff between 1978 and 1998 since Plaintiff purchased them during that period;

b. Reynolds was the manufacturer of Winston cigarettes during the time of Plaintiff's purchases;

c. Island Saints, through its predecessor Bellows, was the only wholesaler distributing Winston cigarettes in the Virgin Islands from 1980 through 1998 since there is no evidence of another distributor during that period and since they represent Winston's manufacturer, i.e., Reynolds;

d. Island Saints, as the sole distributor of Reynolds in the territory, distributed Winston cigarettes to Plaza Extra East and Plaza Extra West during the period Plaintiff purchased them.

These inferences are permissible as the Court is required to make all reasonable inferences in favor of the non-moving party, that is, the Plaintiff. Pickard-Samuel v. Gov't of the V.I., Civ. No. 2008-0031, 2010 WL 2342414, at *11 n. 6 (V.I. Jun 4, 2010). These inferences are more than a scintilla and exceed very slight evidence. Miller v. V.I. Wheel Estate, LLC, 75 V.I. 331, 343 (V.I. 2021) n 9. (stating "a scintilla is defined as 'very slight evidence'."). It is not the court's duty to weigh evidence. Here, Plaintiff has submitted documents beyond his mere complaint allegations. Island Saints presented no evidence to the contrary and does not specifically deny it sold Winston cigarettes to the Plaza Extra stores during the relevant time period. Instead, it merely argues that the evidence presented is insufficient. This Court disagrees.

¶5    **CONCLUSION**

¶6    For the reasons mentioned above, this Court finds that a genuine issue of fact exists as to whether Island Saints distributed Winston cigarettes to Plaza Extra East and Plaza Extra West during the time period Plaintiff purchased them from those stores.   Accordingly, the Court will deny Island Saints' motion for summary judgment.

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

Attest:
Tamara Charles
Clerk of the Court

By: _Paula Clayton_
    Court Clerk III

Date:   May 26, 2023

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
May 26, 2023 01:57 PM
SX-2020-CV-00722
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

|  |  |
|---|---|
| HAYDEN BARRY, | Case Number: **SX-2020-CV-00722** |
| **Plaintiff,** | Action: **Tobacco** |
| v. |  |
| PHILIP MORRIS USA, INC. et al, **Defendant.** |  |

# NOTICE of ENTRY
## of
## <u>MEMORANDUM OPINION</u>

**To:**

| J. Russell B. Pate, Esq | Michelle T. Della Guardia, Esq |
|---|---|
| C. Jacob Gower, Esq. | Chad C. Messier, Esq. |
| Harry R. Yelton, III, Esq. | John M. Walker, Esq. |
| Korey A. Nelson, Esq. | Kevin A. Rames, Esq. |
| Nicholas I. Reyes, Esq. | John M. Lyons, Esq. |
| Michael A. Alvarez, Esq. | KaSandra N. Rogiers, Esq. |
| Phillip E. Holden, Esq. | Kenneth J. Reilly, Esq. |
| Alejandro Alvarez, Esq. | Hassia T. Ibrahim Diolombi, Esq. |
| Justin E. Brown, Esq. | James D. Gardner, Esq. |
| Jacqueline M. Pasek, Esq. | Vanessa Offutt, Esq. |
| Charles R.A. Morse, Esq. | Marc E. Walters, Esq. |

**Please take notice that on May 26, 2023**
**a(n)** _____ **Memorandum Opinion** _____
**dated** _____ **May 26, 2023** _____ **Was entered**
**by the Clerk in the above-titled matter.**

**Dated:** **May 26, 2023**
_____

**Tamara Charles**
_____
**Clerk of the Court**

By:

_Paula Claxton_

_____
**Paula Claxton**
**Court Clerk III**